## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
|  | X |  |
| TELEBRANDS CORP., | : |  |
|  | : |  |
| Plaintiff, | : | Civil Action No. |
|  | : |  |
| v. | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| 1BYONE PRODUCTS INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | X |  |

_____

### COMPLAINT

Plaintiff Telebrands Corp. ("Telebrands"), for its Complaint against Defendant 1ByOne Products Inc. ("1ByOne"), alleges as follows:

### THE PARTIES

1.      Telebrands Corp. is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2.      On information and belief, Defendant 1ByOne is a corporation organized and existing under the laws of the State of Delaware and having a registered office at 2140 S. Dupont Highway, Camden, DE 19934.

### NATURE OF CLAIMS, JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States (35 U.S.C. §1 *et seq.*).

4.      Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1400.

5.     On information and belief, 1ByOne is a corporation organized and existing under the laws of the State of Delaware, regularly transacts and/or solicits business within this Judicial District and has purposefully availed itself of the privilege of conducting business in this Judicial District.  Accordingly, this Court has personal jurisdiction over 1ByOne.

6.     Venue is proper within this Judicial District under 28 U.S.C. § 1400(b).

## BACKGROUND

7.     Telebrands is a direct marketing company and, since 1983, has been engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, principally through direct response advertising and through national retail stores.  Telebrands is one of the recognized leaders in the direct response television marketing industry.

8.     Telebrands developed a novel and innovative line of decorative lighting products, which it markets and sells under the trademark STAR SHOWER®.  Telebrands introduced the original STAR SHOWER® product for the 2015-2016 holiday season, and it was an immediate success.  In view of the original STAR SHOWER® product's success, Telebrands subsequently introduced the STAR SHOWER MOTION™ product and the STAR SHOWER PATRIOT™ product.   STAR SHOWER PATRIOT™ expanded on the original STAR SHOWER® by introducing new colored lights, and STAR SHOWER MOTION™ introduced the ability to move the points of light in patterns.

9.     Telebrands' innovative STAR SHOWER® products provide a convenient and safe alternative to setting up string lights as decorative lighting for a house or other building.  A user can simply plug the STAR SHOWER® product into an outlet, and the product produces

thousands of discrete points of lights, thereby allowing the user to avoid the danger, hassles, and the time of hanging and setting up strands of string lights on a house.

10.     Telebrands has invested significant resources in the sale and marketing of the STAR SHOWER® line of products.  Since its introduction, the STAR SHOWER® line of products has been successful.  During the 2015-2016 holiday season, Telebrands sold several million units of the product.  In view of the success of the STAR SHOWER® line of products, knock-off and imitation products have appeared on the market.

11.     The STAR SHOWER® product includes many unique and innovative features. For example, the STAR SHOWER® product is covered by U.S. Patent No. 9,546,775 ("the '775 Patent"), entitled "Decorative Lighting Apparatus Having Two Laser Light Sources," which was duly and legally issued on January 17, 2017.  Telebrands is the assignee and the owner of all right, title, and interest in and to the '775 Patent.  A true and correct copy of the '775 Patent is attached as Exhibit A.  The '775 Patent is valid and subsisting.

12.     The '775 Patent generally relates to a decorative lighting apparatus. Representative claim 1 of the '775 Patent recites:

A laser light decorative lighting apparatus, comprising:
       a first laser light source generating a first light;
       a second laser light source generating a second light; and
       a motion assembly including:
              at least one articulating optical element disposed in a first path of
       the first light being generated by the first laser light source and a second
       path of the second light being generated by the second laser light source;
       and
              at least one motor coupled to the at least one articulating element
       such that a movement generated by the motor drives the at least one
       articulating optical element,
       the motion assembly being configured such that the movement driving
       articulating optical element by the motor causes the first light and the second light
       to move across a surface onto which the first light and the second light are being
       projected in a predetermined pattern.

13.     The STAR SHOWER® product is also covered by U.S. Patent No. 9,562,673 ("the '673 Patent"), entitled "Decorative Lighting Apparatus Having An Attenuation Assembly," which was duly and legally issued on February 7, 2017.  Telebrands is the assignee and the owner of all right, title, and interest in and to the '673 Patent.  A true and correct copy of the '673 Patent is attached as Exhibit B.  The '673 Patent is valid and subsisting.

14.     The '673 Patent generally relates to a decorative lighting apparatus. Representative claim 1 of the '673 Patent recites:

> An attenuation assembly for a decorative lighting apparatus, the attenuation assembly comprising:
> an attenuator;
> a first housing being configured to be coupled to a second housing; and
> a first base being configured to be coupled to a second base,
> the first housing being coupled to the second housing to form a recess designed and dimensioned to receive and hold the attenuator in a substantially fixed position, and
> the first base being coupled to the second base to form a further recess designed and dimensioned to receive and hold the coupled first housing and second housing in a substantially fixed position.

## DEFENDANT'S ACTS OF INFRINGEMENT

15.     On information and belief, without Telebrands' authorization, 1ByOne has made, used, sold, offered for sale, and/or imported into the United States and continues to make, use, sell, offer for sale, and/or import into the United States infringing decorative lighting products under the brand GARDEN LASER LIGHT MOTION and titled "1ByOne Outdoor Laser Lights for Christmas" and/or "1byone Magical Laser Light with Green Christmas and Red Star Patterns," item model number OUS00-0817 ("the Infringing Product") throughout the United States and within this Judicial District.  The Infringing Product infringes at least one claim of the '775 Patent and the '673 Patent.

16.     1ByOne's Infringing Product infringes at least claim 1 of the '775 Patent.  For example, 1ByOne's Infringing Product is a laser light decorative lighting apparatus which includes, *inter alia*, first and second laser light sources, and a motion assembly.  The first laser light source generates a first light and the second laser light source generates a second light.  The motion assembly includes an articulating optical element disposed in the path of the light generated by the first and second laser light sources and a motor.  The motor is coupled to the articulating element via gears such that the gears transfer the rotational movement of the motor to drive the articulating element.  As a result, during operation, the rotational movement driving the articulating element causes the first light and second light passing through the articulating element to move across the surface onto which they are being projected.

17.     1ByOne's Infringing Product also infringes at least claim 1 of the '673 Patent.  For example, 1ByOne's Infringing Product includes, *inter alia*, an attenuator, first and second housing, and first and second base.  Specifically, the Infringing Product includes a tube-shaped geared member having a diffraction grating.  The first housing is coupled, via screws, to the second housing to form a recess designed and dimensioned to receive and hold the tube-shaped geared member in a substantially fixed position.  The first base is coupled, via screws, to the second base to form a further recess designed and dimensioned to receive and hold the coupled first housing and second housing in a substantially fixed position.

18.     On information and belief, 1ByOne offers its Infringing Product for sale throughout the United States and within this Judicial District.

19.     1ByOne's Infringing Product directly competes with Telebrands' STAR SHOWER line of products.  On information and belief, 1ByOne's adoption of the invention

claimed in the '775 Patent and the '673 Patent is deliberate and intentional and with full knowledge of Telebrands' rights.

20.     Moreover, on May 11, 2017, Telebrands filed a lawsuit against 1ByOne in the United States District Court for the District of New Jersey, *Telebrands Corp. v. 1byone Products (Delaware) Inc.,* No. 2:17-cv-03389-JLL-JAD ("the New Jersey Action"), alleging that the Infringing Product infringes the '775 Patent and the '673 Patent. A copy of the Complaint in the New Jersey Action is attached as Exhibit C. Accordingly, 1ByOne has had notice of the patents-in-suit since at least as early as May 11, 2017.

## COUNT 1 – PATENT INFRINGEMENT OF U.S. PAT. NO. 9,546,775

21.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-20 above, as though fully set forth herein.

22.     This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

23.     The '775 Patent is valid and enforceable.

24.     By the acts alleged above, 1ByOne has committed acts of infringement of the '775 Patent, and continues to commit such acts of infringement, by making, using, selling, offering for sale, and/or importing into the United States, products that infringe, directly or indirectly, one or more claims of the '775 Patent without Telebrands' authorization or consent.

25.     On information and belief, 1ByOne has contributed to the infringement of the '775 Patent and/or actively induced others to infringe the '775 Patent by encouraging, marketing, and promoting the use, manufacture, importation, offer for sale, and sale of the Infringing Product.

26.     1ByOne has been put on notice of the '775 Patent at least as early as the filing of the Complaint in the New Jersey Action.  On information and belief, at all times relevant hereto, 1ByOne has had actual knowledge of the '775 Patent, but nonetheless has infringed and continues to infringe the patent in a willful and deliberate disregard of Telebrands' rights therein and with the intent to infringe those rights.

27.     As a direct and proximate cause of 1ByOne's direct and/or indirect infringement, as alleged above, Plaintiff has suffered damages.  1ByOne is liable to Plaintiff for the amount of any such damages.

28.     On information and belief, 1ByOne's infringement has been intentional and willful, making this an exceptional case.  1ByOne has known of the '775 Patent at least as early as May 11, 2017, but nonetheless has infringed and continues to infringe the patent in a willful and deliberate disregard of Telebrands' rights therein and with the intent to infringe those rights.

29.     1ByOne will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until it is enjoined by this Court.  Telebrands has been and is likely to continue to be irreparably injured unless 1ByOne is enjoined.  Telebrands has no adequate remedy at law.

## COUNT 2 – PATENT INFRINGEMENT OF U.S. PAT. NO. 9,562,673

30.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-29 above, as though fully set forth herein.

31.     This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

32.     The '673 Patent is valid and enforceable.

33.     By the acts alleged above, 1ByOne has committed acts of infringement of the '673 Patent, and continues to commit such acts of infringement, by making, using, selling, offering for sale, and/or importing into the United States, products that infringe, directly or indirectly, one or more claims of the '673 Patent without Telebrands' authorization or consent.

34.     On information and belief, 1ByOne has contributed to the infringement of the '673 Patent and/or actively induced others to infringe the '673 Patent by encouraging, marketing, and promoting the use, manufacture, importation, offer for sale, and sale of the Infringing Product.

35.     1ByOne has been put on notice of the '673 Patent at least as early as the filing of the Complaint in the New Jersey Action.  On information and belief, at all times relevant hereto, 1ByOne has had actual knowledge of the '673 Patent, but nonetheless has infringed and continues to infringe the patent in a willful and deliberate disregard of Telebrands' rights therein and with the intent to infringe those rights.

36.     As a direct and proximate cause of 1ByOne's direct and/or indirect infringement, as alleged above, Plaintiff has suffered damages.  1ByOne is liable to Plaintiff for the amount of any such damages.

37.     On information and belief, 1ByOne's infringement has been intentional and willful, making this an exceptional case.  1ByOne has known of the '673 Patent at least as early as May 11, 2017, but nonetheless has infringed and continues to infringe the patent in a willful and deliberate disregard of Telebrands' rights therein and with the intent to infringe those rights.

38.     1ByOne will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until it is enjoined by this Court.  Telebrands has

been and is likely to continue to be irreparably injured unless 1ByOne is enjoined.  Telebrands has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

a. Entering judgment in Telebrands' favor and against 1ByOne on all claims;

b. Adjudging and decreeing that 1ByOne has unlawfully infringed, contributorily infringed and/or induced infringement of the '775 Patent and the '673 Patent;

c. Preliminarily and permanently enjoining 1ByOne, its officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them:

 1. from infringing the '775 Patent and the '673 Patent; and

 2. from making, using, importing, distributing, advertising, promoting, selling, or offering for sale the infringing Product, or any other decorative lighting product substantially similar to the design claimed in the '775 Patent and/or infringing any claim of the '673 Patent.

d. Requiring 1ByOne to pay Telebrands any damages Telebrands have suffered arising out of and/or as a result of 1ByOne's patent infringement, including Telebrands' lost profits and/or reasonable royalties for 1ByOne's patent infringement, and any other relief provided for in 35 U.S.C. § 284;

e. Awarding Telebrands its reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285;

f. Requiring 1ByOne to pay to Telebrands enhanced damages due to the exceptional nature of this case; and

g. Granting such other and further relief as this Court deems just and proper.

89684736.1

## JURY DEMAND

Plaintiff Telebrands Corp. requests a trial by jury in this matter.

Respectfully submitted,

Dated:  July 21, 2017

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Curt Lambert (#4882)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
curt.lambert@dbr.com
thatcher.rahmeier@dbr.com

OF COUNSEL:
Robert T. Maldonado (*pro hac vice* mot. to be filed)
Tonia A. Sayour (*pro hac vice* mot. to be filed)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
rmaldonado@cooperdunham.com
tsayour@cooperdunham.com

*Attorneys for Plaintiffs Telebrands Corp.*