**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TELEBRANDS CORP.,                    )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )    Civil Action No. 17-997-JFB-SRF
                                     )
1BYONE PRODUCTS INC.,                )
                                     )
                                     )
        Defendant.                   )

## MEMORANDUM ORDER

At Wilmington this **21st** day of **November, 2017**, the court having considered the

parties' briefing on defendant 1ByOne Products Inc.'s ("1ByOne") motion to dismiss for failure

to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 9; D.I. 10; D.I. 11; D.I.

13; D.I. 15), IT IS HEREBY ORDERED THAT the motion to dismiss (D.I. 9) is denied as moot

for the reasons set forth below.

**1. Background.** Plaintiff Telebrands Corp. ("Telebrands") filed this action for patent

infringement on July 21, 2017, alleging infringement of U.S. Patent Nos. 9,546,775 ("the '775

patent") and 9,562,673 ("the '673 patent") (together, the "patents-in-suit"). (D.I. 1) Telebrands

is a direct marketing company which markets and sells a variety of consumer products through

direct response advertising and national retail stores. (*Id.* at ¶ 7) Telebrands developed a line of

decorative lighting products marketed and sold under the trademark Star Shower®, which it

introduced during the 2015-2016 holiday season. (*Id.* at ¶ 8) Telebrands subsequently

introduced the Star Shower Motion™ product, which introduced the ability to move the points of

light in patterns, and the Star Shower Patriot™ product, which introduced new colored lights.

(*Id.*) The patents-in-suit are assigned to Telebrands and cover Telebrands' Star Shower® technology. (*Id.* at ¶¶ 11-14)

**2.** Telebrands accuses 1ByOne of making, using selling, offering for sale, and/or importing into the United States infringing decorative lighting products under the brand Garden Laser Light Motion and titled "1ByOne Outdoor Laser Lights for Christmas" and/or "1ByOne Magical Laser Light with Green Christmas and Red Star Patterns" (the "Accused Product"). (*Id.* at ¶ 15) Specifically, Telebrands alleges that the Accused Product infringes claim 1 of the '775 patent because it includes a first laser light source which generates first light, a second laser light source which generates a second light, and a motion assembly which includes an articulating optical element disposed in the path of the light generated by the first and second laser light sources and a motor. (*Id.* at ¶ 16) Telebrands contends that the Accused Product infringes claim 1 of the '673 patent because it includes a first housing coupled with screws to a second housing to form a recess designed to receive and hold a tube-shaped geared member in a substantially fixed position. (*Id.* at ¶ 17)

**3.** 1ByOne filed the pending motion to dismiss on August 15, 2017. (D.I. 9) On November 17, 2017, while its motion to dismiss was still pending before the court, 1ByOne filed an answer, affirmative defenses, and counterclaims. (D.I. 16) By way of its counterclaims, 1ByOne seeks declaratory relief regarding the invalidity and non-infringement of the patents-in-suit as well as U.S. Patent No. 9,752,761 ("the '761 patent"), which issued on September 5, 2017. (*Id.* at ¶ 19)

**4.** On May 11, 2017, Telebrands filed a lawsuit against 1ByOne in the United States District Court for the District of New Jersey ("the New Jersey Action") alleging that the Accused Product infringes the '775 patent and the '673 patent. (*Id.* at ¶ 20) 1ByOne responded to the

2

complaint by filing a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and a motion to dismiss for failure to satisfy the "plausibility" pleading requirement under Federal Rule of Civil Procedure 12(b)(6). (D.I. 10 at 1) On July 21, 2017, Telebrands agreed to voluntarily dismiss the New Jersey Action without prejudice.[1] (D.I. 11, Ex. 2) The court dismissed the New Jersey Action on July 25, 2017. (D.I. 11, Ex. 3)

**5. Legal Standard.** Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[1] Generally, a district court ruling on a motion to dismiss cannot consider matters outside of the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, courts may consider documents that are "incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may take judicial notice of a fact "that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In accordance with this authority, a court may take judicial notice of public records. *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998). Consequently, this court may take judicial notice of publicly-available documents filed in the New Jersey Action, submitted by 1ByOne. (D.I. 11, Exs. 1-3) Exhibit 4 is a copy of the complaint filed in the present action, and the court's permission is not required for consideration of the pleading. Exhibit 5 contains email correspondence between the parties, which was not incorporated into the complaint by reference and is not a public record. (D.I. 11, Ex. 5) As such, the court denies 1ByOne's request for consideration of Exhibit 5 at this stage of the proceedings.

3

*Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

      **6. Analysis.** In view of the subsequent filing of its answer, affirmative defenses, and counterclaims, 1ByOne's pending motion to dismiss is denied as moot. "A defendant is not required to file an answer until [the] court disposes of the motion to dismiss." *Smith v. Bank of Am., N.A.*, 2014 WL 897032, at \*9 (M.D. Fla. Mar. 6, 2014) (citing *Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006)). When an answer is filed prior to the resolution of a motion to dismiss, the motion to dismiss becomes moot. *See Veltre v. Sliders Seaside Grill, Inc.*, 2016 WL 524658, at \*1 (M.D. Fla. Feb. 10, 2016) (dismissing as moot a motion to dismiss when the defendant filed an answer while a Report and Recommendation on the motion to dismiss was pending). "A motion to dismiss challenges the sufficiency of the allegations within the complaint; an answer admits or denies those allegations and raises any available affirmative defenses." *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989).

      **7.** A Rule 12 motion is a response filed in lieu of an answer. In this instance, the motion asserts pleading deficiencies, namely, that substantive details are lacking to show how the Accused Product allegedly infringes the recited claims of the patents-in-suit. The very act of answering the complaint defeats the argument that the complaint is too thin to provide adequate notice of the claims and permit the defendant to respond in a meaningful way. Consequently, 1ByOne's motion to dismiss is denied as moot.

      **8. Conclusion.** In view of the foregoing analysis, 1ByOne's motion to dismiss (D.I. 9) is denied as moot.

**9.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**10.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge