IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELEBRANDS CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1BYONE PRODUCTS, INC., )<br>)<br>Defendant. )<br>_____ )<br>)<br>1BYONE PRODUCTS, INC., )<br>)<br>Counterclaimant, )<br>)<br>v. )<br>)<br>TELEBRANDS CORP., )<br>)<br>Counter-defendant. ) | Civil Action No. 17-997-JFB-SRF |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Presently before the court in this patent infringement action is plaintiff Telebrands Corp.'s ("Telebrands") motion pursuant to Fed. R. Civ. P. 12(f), to strike the affirmative defense of inequitable conduct asserted by defendant 1byOne Products, Inc. ("1byOne"). Telebrands moves to strike the affirmative defense because it fails to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). (D.I. 27) For the following reasons, Telebrands' motion to strike is GRANTED.

### II. BACKGROUND

Telebrands owns United States Patent Nos. 9,546,775 and 9,562,673 (collectively, the "Asserted Patents"), which are entitled "Decorative Lighting Apparatus Having Two Laser Light Sources" and "Decorative Lighting Apparatus Having an Attenuation Assembly," respectively, and are decorative lighting for houses and other buildings that use a laser to project moving colored lights. (D.I. 1 at ¶¶ 8-9, 11-12) Telebrands markets and sells the products under the trademark STAR SHOWER®. (D.I. 1 at ¶ 8) 1byOne sells the "1byOne Outdoor Laser Lights for Christmas" and "1byOne Magical Laser Light with Green Christmas and Red Star Patterns" (collectively, the "Accused Products") under the "Garden Laser Light Motion brand," which are also laser decorative lighting products. (D.I. 1 at ¶ 15)

On July 21, 2017, Telebrands filed a complaint against 1byOne for patent infringement. (D.I. 1) On August 15, 2017, 1byOne responded to the complaint by filing a motion to dismiss for failure to state a claim. (D.I. 9) However, on November 11, 2017, before the court rendered a decision on the motion to dismiss, 1byOne filed an answer and a counterclaim. (D.I. 16) Consequently, the court denied 1byOne's motion to dismiss as moot on November 21, 2017. (D.I. 21)

On December 11, 2017, 1byOne amended its answer and counterclaim to include an affirmative defense of inequitable conduct, asserting that "[n]o recovery can be obtained by [Telebrands] for Patent Infringement because each and every claim of the asserted patents is invalid and/or unenforceable due to [Telebrands'] inequitable conduct committed to obtain the [A]sserted Patent[s], at least for the reasons detailed in [1byOne]'s [c]ounterclaim." (D.I. 25 at ¶ 49) In its counterclaim for inequitable conduct, 1byOne alleges the Asserted Patents are invalid because Telebrands did not cite certain material prior art references and patent publications to the United States Patent and Trademark Office ("PTO") during prosecution of the Asserted Patents,

and also because 1byOne began selling the Accused Product in September 2013, two years before the Asserted Patents' priority date of December 3, 2015. (D.I. 25 at ¶¶ 12-13) On January 5, 2018, Telebrands filed an answer to 1byOne's counterclaims, and simultaneously moved to strike 1byOne's eleventh affirmative defense of inequitable conduct. (D.I. 26; D.I. 27)

## III. LEGAL STANDARD

Rule 12(f) permits "[t]he court [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "When ruling on a motion to strike, the [c]ourt must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under the law. Further, a court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 356 (D. Del. 2009) (citations and internal quotation marks omitted). "As a general matter, motions to strike under Rule 12(f) are disfavored." *Fesnak & Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010).

## IV. DISCUSSION

Telebrands' motion to strike is granted because 1byOne's affirmative defense for inequitable conduct fails to meet the pleading standard under Rule 9(b).[1] Rule 9(b) requires a party, when "alleging fraud or mistake, . . . [to] state with particularity the circumstances

---

[1] The court recognizes 1byOne's amended pleading incorporates by reference a lengthy opinion of counsel letter regarding the validity of the Asserted Patents that may include information identifying the "what," "where," and "how" factors. (D.I. 25 at ¶ 11) However, 1byOne's incorporation by reference is inadequate because the pleading does not clearly indicate where the relevant material pertaining to each factor is found within the 136-page document. (D.I. 25, Ex. 1) To satisfy the Rule 9(b) standard, incorporation by reference must be done with particularity to include only relevant material. *See, e.g.*, *Guthrie v. United States*, 2012 WL 13014671, at *2 (S.D. Fl. Aug. 24, 2012) (finding it "impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs" of the pleading).

3

constituting fraud or mistake," although, "intent [and] knowledge . . . may be alleged generally." Fed. R. Civ. P. 9(b). When a party claims a patent is unenforceable, and the claim is "premised upon inequitable conduct, [it] is a claim sounding in fraud." *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 305 (D. Del. 2013). "'[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (quoting *Ferguson Beauregard/Logic Controls, Division of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F3d 1327, 1344 (Fed. Cir. 2003)). To plead inequitable conduct "with the requisite particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [Patent and Trademark Office ('PTO')]." *Senju Pharm. Co.*, 921 F. Supp. 2d at 306 (quoting *Exergen Corp.*, 575 F.3d at 1328-29); *see Int'l Bus. Mach. Corp. v. Priceline Grp., Inc.*, C.A. No. 15-137-LPS-CJB, 2017 WL 1349175, at *4-5 (D. Del. Apr. 10, 2017). In addition,

> a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Senju Pharm. Co.*, 921 F. Supp. 2d at 306 (quoting *Exergen Corp.*, 575 F.3d at 1328-29).

Telebrands argues the court should grant the motion to strike because 1byOne has not met the heightened pleading requirements of Rule 9(b) by identifying the "who, what, when, where, and how," and "has not pled any facts to support a finding of but for materiality or to support an intent to deceive the PTO." (D.I. 28 at 7-8) In response, 1byOne argues Telebrands based its contentions on the standard of proving inequitable conduct rather than the standard of pleading inequitable conduct. (D.I. 29 at 4) 1byOne directs the court to its incorporation by

reference of a lengthy opinion of counsel letter regarding the alleged invalidity of the Asserted Patents. (D.I. 29 at 5-6; D.I. 25, Ex. 1)

The pleading does not adequately identify the "who" of the misrepresentation because it generally refers to the "named inventors." (D.I. 25 at ¶¶ 23, 34) The Federal Circuit has held that a pleading must name a specific individual associated with the patent application to satisfy the specificity required to plead the "who" of the misrepresentation. *Exergen Corp.*, 575 F.3d at 1329. This ruling is consistent with cases in this district finding adequate identification of the "who" when the pleading specifically identifies individuals by name who were associated with the patent application.[2] *Andrulis Pharm. Corp. v. Celgene Corp.*, C.A. No. 13-1644-RGA, 2015 WL 4366118, at *4 (D. Del. July 16, 2015); *see Wyeth Holdings Corp. v. Sandoz, Inc.*, C.A. No. 09-955-LPS-CJB, 2012 WL 600715, at *9 (D. Del. Feb. 3, 2012) (finding listing three specific individuals by name met the pleading standard for "who"). Consequently, 1byOne's generic reference to the "named inventors" is insufficient to satisfy the "who" component of the pleading standard.

Next, the pleading does not adequately identify the "what" of the misrepresentation. Although 1byOne identifies the misrepresented claims as all claims of the Asserted Patents,

---

[2]The court has previously held "claims against the 'named inventors' . . . could be specific enough to meet the 'who' requirement, to the extent that they could be understood to accuse each of the members of a known . . . group." *IBM Corp. v. Priceline Grp. Inc.*, C.A. No. 15-137-LPS-CJB, 2017 WL 1349175, at *9 (D. Del. Apr. 10, 2017). The facts of the present case could be construed to satisfy this standard because the Asserted Patents list only two inventors. (D.I. 1, Exs. A & B) However, 1byOne cannot satisfy the knowledge requirement without specifically naming the inventors. *IBM Corp.*, 2017 WL 1349175, at *9 ("[E]ven if there were enough information in the pleadings . . . to identify each of the persons in these groups, the claims against them would still fail . . . because there are not sufficient facts pleaded to establish . . . that the 'named inventors' . . . actually had knowledge of the activities that they allegedly failed to disclose."). Further, the Federal Circuit requires the identification of specific individuals when establishing the "who." *Exergen Corp.*, 575 F.3d at 1329.

1byOne fails to identify any specific limitations in those claims. *See Exergen*, 575 F.3d at 1325 (finding that the pleading did not sufficiently identify the "what" because it did not disclose specific claim language or claim numbers to establish the materiality of the omitted prior art references to the patents-in-suit). Moreover, although 1byOne's pleading references the prior art, it refers generically to "prior art patents and patent publications published in the United States and China" without drawing any connection between the asserted claims and the omitted prior art references. (D.I. 25 at ¶ 12) This court has determined a party adequately pleads the "what" of the material omission by identifying "the claims, and the limitations in those claims, relevant to the [prior art]." *LEO Pharma A/S v. Actavis Labs. UT, Inc.*, C.A. No. 16-333-JFB-SRF, 2018 WL 1045816, at *4 (D. Del. Feb. 26, 2018). In the present case, the pleading does not meaningfully identify the omitted prior art, let alone establish the relevance of the asserted claims to those prior art references.

The pleading also fails to adequately assert the "when" of the misrepresentation with respect to the undisclosed prior art references because it does not indicate when the inventors allegedly submitted a filing to the PTO that should have identified the prior art references. *See Wyeth Holdings Corp.*, 2012 WL 600715, at *9; *Aerocrine AB v. Apieron Inc.*, C.A. No. 08-787-LPS, 2010 WL 1225090, at *9-10 (D. Del. Mar. 30, 2010) (finding the pleading identified the "when" for two different patents by listing the date "when the inventors became aware of the alleged[] prior art," for one, and listing the publication date of the prior art, for the other). However, 1byOne's pleading adequately asserts the "when" of the misrepresentation as it applies to the Accused Product because it identifies the sale date and the United States publicly known date of the Accused Product as September 2013, more than two years prior to the earliest priority date of December 3, 2015. (D.I. 25 at ¶ 13) These allegations establish Telebrands would have

become aware of the Accused Product in September 2013. *See Wyeth Holdings Corp.*, 2012 WL 600715, at *9; *Aerocrine AB*, 2010 WL 1225090, at *9-10 (finding the pleading identified the "when" for two different patents by listing the date "when the inventors became aware of" one prior art reference, and listing the publication date of another reference).

Moreover, the pleading fails to satisfy the "where" of the misrepresentation because it does not identify a single allegedly withheld prior art reference with specificity, let alone explain where in the withheld prior art references the information material to the Asserted Patents can be found. Similarly, the Federal Circuit in *Exergen* found the pleading failed to satisfy the "where" because the pleading did not identify "where in [the withheld references] the material information would be found." *Exergen Corp.*, 575 F.3d at 1329; *see also Wyeth Holdings Corp.*, 2012 WL 600715, at *9; *see Aerocrine AB*, 2010 WL 1225090 at 9-10 (finding the pleading satisfies "where" when it states "where in the prior art the allegedly material information is found").

The pleading also fails to address the "how" factor, offering no explanation as to how a reasonable examiner would use the omitted prior art references in determining the patentability of the Asserted Patents. *See Exergen Corp.*, 575 F.3d at 1330; *Wyeth Holdings Corp.*, 2012 WL 600715, at *9; *see also Aerocrine AB*, 2010 WL 1225090, at *9-10.

Moreover, 1byOne's pleading does not include sufficient factual allegations to support a reasonable inference of but-for materiality. A misrepresentation is material if the PTO would not have issued the patent but for the misrepresentation. *See Leo Pharma A/S*, 2018 WL 1045816, at *5. In *Quest Integrity*, the court concluded that the pleading satisfied this standard by alleging the patented "invention was not new, was obvious from existing technology, and had been sold before the bar date." *Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, C.A. No.

14-1482-SLR, Civ. No. 14-1483-SLR, 2015 WL 4477700, at *4 (D. Del. July 22, 2015). In *Andrulis*, the court found the pleading satisfied the but for materiality standard by identifying "the conclusion by the researchers . . . [and the] plaintiff's omission of that conclusion and representation that the interim results instead showed an enhanced effect, on which the examiner relied in deciding the issue." *Andrulis Pharm. Corp.*, 2015 WL 4366118, at *5. The facts presented in *Quest Integrity* and *Andrulis* are distinguishable from the facts in this case because 1byOne fails to draw any connection between the Asserted Patents and the prior art. Thus, the court is unable to reasonably infer whether the PTO would not have issued the Asserted Patents but for the failure to disclose the prior art.

Finally, 1byOne did not include sufficient factual allegations support a reasonable inference that a specific individual misrepresented the information with the intent to deceive the PTO. Within its counterclaim, 1byOne alleges:

> the failure of the named inventors' of the [Asserted Patents] in their duty of candor, including regarding the information that 1byOne sold the Accused Product before the critical date for the Asserted Patents, and the existence and pubic availability of this 1byOne technology that they copied and claimed in the application[s] of the [Asserted Patents] on which they are wrongly named as the inventors and owners is further cause for a declaration of the invalidity of the [Asserted Patents].

(D.I. 25 at ¶¶ 24, 34) This allegation does not allow the court to reasonably infer a specific individual associated with the patent applications had the requisite knowledge of the misrepresentation and intent to deceive the PTO.

Therefore, Telebrands' motion to strike is granted. In accordance with 1byOne's reservation of its right to amend the pleading to reassert its eleventh affirmative defense of inequitable conduct, 1byOne may amend its pleading within twenty (20) days of the date of this Memorandum Opinion.

## V. CONCLUSION

For the foregoing reasons, Telebrands' motion to strike is granted. 1byOne may amend its eleventh affirmative defense of inequitable conduct on or before **August 23, 2018**. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 3, 2018

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

9